UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| VANESSA RAY,<br><br>    Plaintiff,<br><br>v.<br><br>FISK UNIVERSITY, et al.,<br><br>    Defendants. | Case No. 3:19-cv-00874<br><br>Chief Judge Waverly D. Crenshaw, Jr.<br>Magistrate Judge Alistair E. Newbern |

To: The Honorable Waverly D. Crenshaw, Jr., Chief District Judge

**REPORT AND RECOMMENDATION**

On May 5, 2020, the Court ordered pro se and *in forma pauperis* Plaintiff Vanessa Ray to show cause by May 22, 2020, why her claims in this employment discrimination action should not be dismissed for the reasons stated in Defendant Hugues Siffrard's motion to dismiss or for Ray's failure to prosecute her claims. (Doc. No. 15.) Ray has not responded to the Court's show-cause order or Siffrard's motion to dismiss. Because it appears that Ray has abandoned her claims, and for the reasons that follow, the Magistrate Judge will recommend that the Court dismiss this action without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute and find Siffrard's motion to dismiss moot.

**I.    Factual and Procedural Background**

Ray initiated this action on October 1, 2019, by filing a complaint and an application to proceed *in forma pauperis*. (Doc. Nos. 1, 2.) The Court granted her application and ordered Ray to file an amended complaint that "explain[ed] the specific factual basis for her claims" by "identify[ing] the facts that she believes support her claims in detail, clearly and chronologically." (Doc. No. 5, PageID# 18.) Ray filed an amended complaint on November 27, 2019, alleging that

Siffrard subjected her to a hostile work environment at Fisk University in 2017 and 2018. (Doc. No. 6.) The amended complaint includes numerous specific allegations regarding racist and sexist comments Siffrard made to Ray, sexually explicit text messages he sent her, acts of physical aggression against her, and derogatory remarks he made concerning Ray's bipolar disorder. (*Id.*) Ray alleges that she reported the sexually explicit text messages to Mickey West, Fisk's chief of security, who stated he would investigate and get back to her but did not. (*Id.*)

Ray alleges that also she reported Siffrard's physical aggression to West. (*Id.*) West and Ray reported that incident to Fisk's Chief of Human Resources Jacenda Davidson. (*Id.*) On February 8, 2018, Davidson called Ray into her office, told Ray that she and West had reviewed video footage and determined that Siffrard did not shove or assault Ray, and handed Ray a letter terminating her employment before having her escorted off of Fisk's campus. (*Id.*)

The Court screened Ray's amended complaint under 28 U.S.C. § 1915(e), finding that she had stated colorable claims against Defendant Fisk University for discrimination under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e–2000e-17, and the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §§ 12112–12117, and colorable claims for the state law tort of assault against Siffrard and Fisk. (Doc. No. 7.) The Court dismissed Ray's Title VII and ADA claims against Siffrard for failure to state a claim upon which relief could be granted. (*Id.*)

On March 13, 2020, Fisk answered Ray's amended complaint (Doc. No. 11) and Siffrard filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing that Ray's assault claim was untimely under the relevant statute of limitations (Doc. No. 12). The Court informed Ray that Siffrard had filed a motion to dismiss and that the Local Rules required her to file any response in opposition within fourteen days after she was served with the motion. (Doc. No. 14.) The Court also warned Ray that "[f]ailure to file a timely response in opposition may

result in the motion being granted as unopposed." (*Id.*) Ray did not file a response to Siffrard's motion. On May 5, 2020, the Court ordered Ray to show cause by May 22, 2020, why her claims against Siffrard should not be dismissed for the reasons stated in his motion and why the Court should not dismiss all of her claims in this action for failure to prosecute under Rule 41(b). (Doc. No. 15.) The Court warned Ray that failure to respond to its order "may lead to a recommendation that her claims be dismissed." (*Id.* at PageID# 68.) Ray has not responded to the Court's show-cause order.

## II.  Legal Standard

Federal Rule of Civil Procedure 41(b) "confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the Court." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (citing *Knoll v. AT&T*, 176 F.3d 359, 362–63 (6th Cir. 1999)); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962) (recognizing "the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief"); *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) ("It is well settled that a district court has the authority to dismiss sua sponte a lawsuit for failure to prosecute."). Dismissal for failure to prosecute is a tool for district courts to manage their dockets and avoid unnecessary burdens on opposing parties and the judiciary. *See Schafer*, 529 F.3d at 736 (quoting *Knoll*, 176 F.3d at 363). The Sixth Circuit therefore affords district courts "substantial discretion" regarding decisions to dismiss for failure to prosecute. *Id.*

Courts look to four factors for guidance when determining whether dismissal under Rule 41(b) is appropriate: (1) the willfulness, bad faith, or fault of the plaintiff; (2) whether the defendant has been prejudiced by the plaintiff's conduct; (3) whether the plaintiff was warned that failure to cooperate could lead to dismissal; and (4) the availability and appropriateness of other,

3

less drastic sanctions. *Knoll*, 176 F.3d at 363 (citing *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 615 (6th Cir. 1998)). Under Sixth Circuit precedent, "none of the factors is outcome dispositive," but "a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Id.* (citing *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980)); *see also Muncy v. G.C.R., Inc.*, 110 F. App'x 552, 555 (6th Cir. 2004) (finding that dismissal with prejudice "is justifiable in any case in which 'there is a clear record of delay or contumacious conduct on the part of the plaintiff'" (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001))). Because dismissal without prejudice is a relatively lenient sanction as compared to dismissal with prejudice, the "controlling standards should be greatly relaxed" for Rule 41(b) dismissals without prejudice where "the dismissed party is ultimately not irrevocably deprived of his [or her] day in court." *Muncy*, 110 F. App'x at 556 (citing *Nwokocha v. Perry*, 3 F. App'x 319, 321 (6th Cir. 2001)); *see also* M.D. Tenn. R. 41.01 (dismissal of inactive cases) (allowing Court to summarily dismiss without prejudice "[c]ivil suits that have been pending for an unreasonable period of time without any action having been taken by any party").

**III.     Analysis**

Dismissal of this action is appropriate under Rule 41(b) because the four relevant factors, considered under the "relaxed" standard for dismissals without prejudice, show a record of delay by Ray.

**A.     Bad Faith, Willfulness, or Fault**

A plaintiff's actions demonstrate bad faith, willfulness, or fault where they "display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [plaintiff's] conduct on those proceedings." *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (quoting *Mulbah*, 261 F.3d at 591)). Ray has demonstrated her ability to participate in this litigation and respond to the Court's orders when she so chooses. (Doc. Nos. 1, 2, 4, 6.) Her failure to respond to Siffrard's

4

motion to dismiss and this Court's show-cause order therefore appears to be a problem of her own making. There is no indication that these failures were motivated by bad faith. Nevertheless, because the Court warned Ray that failure to respond to Siffrard's motion and failure to respond to the Court's show-cause order could result in dismissal, these failures are indicative of willfulness or fault for purposes of Rule 41(b) and therefore "tip[ ] the scale in favor of dismissal on the first factor." *Hatcher v. Dennis*, No. 1:17-cv-01042, 2018 WL 1586235, at *1 (W.D. Tenn. Mar. 30, 2018); *see also Daniels v. Napoleon*, Civil Action No. 14-10609, 2014 WL 6669116, at *3 (E.D. Mich. Nov. 24, 2014) (finding first factor of Rule 41(b) analysis weighed in favor of dismissal where court warned pro se plaintiff "that his case would be dismissed with prejudice if he failed to file a response to Defendants' motion to dismiss or a response to the Court's Order to Show Cause").

### B. Prejudice

The Sixth Circuit has held that "[a] defendant is prejudiced by a plaintiff's dilatory conduct if the defendant is 'required to waste time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" *Carpenter*, 723 F.3d at 707 (second alteration in original) (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)); *see also Schafer*, 529 F.3d at 739 (same). Such prejudice typically arises in the discovery context. *See, e.g.*, *Harmon*, 110 F.3d at 368 (finding prejudice where plaintiff failed to respond to defendant's interrogatories and a related motion to compel); *Wright v. City of Germantown*, No. 11-02607, 2013 WL 1729105, at *2 (W.D. Tenn. Apr. 22, 2013) (finding prejudice where defendant "expended time and money pursuing [plaintiff's] required initial disclosures and deposition testimony"). Notably, time and effort spent on "typical steps in the early stages of litigation[,]" such as answering a complaint or filing pretrial motions to advance the defendant's position, are not actions "necessitated by any lack of cooperation" and therefore do not weigh in favor of

5

dismissal for failure to prosecute. *Schafer*, 529 F.3d at 739. The Sixth Circuit explained in *Schafer v. City of Defiance Police Department* that "[i]f such efforts . . . [were] alone sufficient to establish prejudice," for the purpose of Rule 41(b), "then every defendant who answers a complaint and responds minimally to a lawsuit would be able to claim prejudice[,]" a "result [that] would defy common sense." 529 F.3d at 740.

Defendant Fisk University has answered Ray's amended complaint and Defendant Siffrard has filed a motion to dismiss. (Doc. Nos. 11, 12.) Because these are typical steps in early litigation, this factor weighs against dismissal. *See Schafer*, 529 F.3d at 739–40.

### C. Prior Notice

Whether a party was warned that failure to cooperate could lead to dismissal "is a 'key consideration'" in the Rule 41(b) analysis. *Schafer*, 529 F.3d at 740 (quoting *Stough*, 138 F.3d at 615). Here the Court expressly warned Ray that failure to respond to Siffrard's motion to dismiss could result in his motion being granted as unopposed (Doc. No. 14) and that failure to respond to the Court's show-cause order could result in this action being dismissed for failure to prosecute (Doc. No. 15). This factor therefore weighs in favor of dismissal.

### D. Appropriateness of Other Sanctions

The less-drastic sanction of dismissal without prejudice is available and appropriate here, even though Siffrard has filed a motion to dismiss. *See Daniels*, 2014 WL 6669116, at *1 (adopting report and recommendation dismissing pro se plaintiff's complaint without prejudice for failure to prosecute and denying defendants' motion to dismiss as moot). Dismissal without prejudice balances the Court's interest in "sound judicial case and docket management" with "the public policy interest in the disposition of cases on their merits." *Muncy*, 110 F. App'x at 557 n.5; *see also Mulbah*, 261 F.3d at 590–91. Such a sanction is particularly appropriate in cases of prolonged inactivity and where, as here, the plaintiff appears pro se. *See Schafer*, 529 F.3d at 737 (noting that

6
Case 3:19-cv-00874    Document 16    Filed 06/30/20    Page 6 of 7 PageID #: 74

courts apply the four-factor test "more stringently in cases where the plaintiff's attorney's conduct is responsible for the dismissal" (quoting *Harmon*, 110 F.3d at 367)).

IV.     **Recommendation**

Considering the above four factors, the Magistrate Judge RECOMMENDS that this action be DISMISSED WITHOUT PREJUDICE under Rule 41(b) for Ray's failure to prosecute and that Siffrard's motion to dismiss (Doc. No. 12) be FOUND MOOT.

Any party has fourteen days after being served with this Report and Recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this report and recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 30th day of June, 2020.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge

7
Case 3:19-cv-00874   Document 16   Filed 06/30/20   Page 7 of 7 PageID #: 75