|  |  |
|---|---|
| VANESSA RAY,<br><br>　　Plaintiff,<br><br>v.<br><br>FISK UNIVERSITY et al.,<br><br>　　Defendants. | Case No. 3:19-cv-00874<br><br>Chief Judge Waverly D. Crenshaw, Jr.<br>Magistrate Judge Alistair E. Newbern |

To:　　The Honorable Waverly D. Crenshaw, Jr., Chief District Judge

### REPORT AND RECOMMENDATION

Before the Court in this employment discrimination action is Defendant Fisk University's amended motion for judgment on the pleadings. (Doc. No. 22.) Pro se and *in forma pauperis* Plaintiff Vanessa Ray has responded in opposition to Fisk's motion. (Doc. No. 28.) For the reasons that follow, the Magistrate Judge will recommend that Fisk's motion be granted in part and denied in part.

**I.　Background**

　　**A.　Factual Background**[1]

Ray was employed at Fisk in 2017 and 2018 as a security officer. (Doc. No. 6.) On September 27, 2017, and October 23, 2017, Captain Hughes Siffrard sent Ray explicit pictures on

---

[1] The facts in this section are drawn from Ray's amended complaint (Doc. No. 6) and are accepted as true for purposes of resolving the pending motion for judgment on the pleadings. *See Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) ("For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true . . . ." (quoting *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007))).

her personal cell phone of an African American woman and man engaged in a sex act.[2] (*Id.*) Ray alleges that these incidents were "[i]n sync" with "multiple incidents that took place at Fisk University from Cpt. Hughes Siffrard in 2017 and 2018." (*Id.* at PageID# 23.) Ray reported the unwanted pictures to Fisk Chief of Security Mickey West on September 28, 2017, and on October 29, 2017, and told West that she needed to speak with him about Siffrard. (Doc. No. 6.) Ray met with West, described the pictures Siffrard sent her, told West that the pictures and any contact from Siffrard were unwanted, and gave West her cellphone "for investigation purposes." (*Id.* at PageID# 23.) West said he would investigate the issue and get back to Ray, but he did not conduct any investigation or contact Ray again. (Doc. No. 6.)

Ray alleges that, "[f]rom August 31, 2017 – February 5, 2018[,] . . . Siffrard assigned [her] more job duties . . . than the (only) other male officers." (*Id.* at PageID# 25.) On October 8, 2017, "Siffrard gave [her] a job task to complete with no assigned time." (*Id.*) But, when "the task was not completed in a timely ma[nn]er to his standards[,] . . . Siffrard stated to [her] very aggressively 'I am sick of African American women, they never do what they are told to do!'" (*Id.*) Ray also states that "[i]t was reported on paper [on] October 30, 2017 to . . . Siff[r]ard and Fisk University that [she] ha[s] a disability." (*Id.*) Ray identifies that disability as bipolar disorder. (Doc. No. 6.) The following week, on November 8, 2017, Siffrard said to Ray "now I see how your bipolar work[s] . . [.] you can't do anything I ask you to do." (*Id.* at PageID# 25.) He then sent Ray "in[to] the office to work at the computer desk for the remainder of the shift." (*Id.*)

On February 5, 2018, Ray arrived at Fisk for her 3:00 p.m. to 11:00 p.m. shift. (Doc. No. 6.) Siffrard "aggressively approached" her in an "off camera area" "in the armory" and said: "'I see

---

[2]    Ray does not allege any facts regarding the relationship of her position at Fisk to Siffrard's position, although the Court may surmise from her claims that he was her supervisor. Ray also does not allege her race or the race of any other actor.

2

Case 3:19-cv-00874    Document 29    Filed 01/19/21    Page 2 of 16 PageID #: 135

you have your makeup on today[.]' [ ']Who are you trying to look good for?'" (*Id.* at PageID# 23.) Ray ignored him. (Doc. No. 6.) "Shortly after[,] while on duty, . . . Siffrard asked to trade a pair of company keys" but Ray "did not agree to the exchange[ because] it [was] not a required duty." (*Id.* at PageID# 23.) "Siffrard got verbally (yelling) aggressive, shoved [Ray] in [her] left arm with his right hand with a closed fist, and . . . physically forced [her] to take the company keys." (*Id.*) Ray "tried to safely walk away from" Siffrard, but he followed her as she continued to ignore him. (*Id.*) Ray alleges that, "[d]uring [her] shift(s)[,] . . . Siffrard continued to create a hostile working environment." (*Id.*) Ray "immediately emailed" West "a brief summary of the incident[,]" and Ray and West "reported the incident to Jacenda Davidson (Chief of Human Resources) on February 6, 2018." (*Id.*) Ray did not hear from Davidson "for two consecutive business days." (*Id.*)

When Ray returned to work on February 8, 2018, Davidson "called [her] into a private room" and said "[y]ou did not get shoved/assaulted by Cpt. Hughes Siffrard and the video has been reviewed by Chief West . . . and [me]." (*Id.*) Davidson then gave Ray a termination letter and said, "your employment is no longer needed at Fisk University[.]" (*Id.* at PageID# 24.) Davidson asked Ray if she had any questions. (Doc. No. 6.) Ray said she wanted to know the results of West's investigation into the sexually explicit pictures she twice reported and Davidson replied, "this meeting is over" before instructing Ray to "'return any equipment that belong[ed] to Fisk [U]niversity[.]'" (*Id.* at PageID# 24.) Ray returned her equipment and "was escorted off the campus by the Sergeant on shift." (*Id.*) "Fisk stated they fired [Ray] for unsatisfactory job performance during probationary period." (*Id.*)

Ray filed a charge with the Equal Employment Opportunity Commission (EEOC) on March 8, 2018, and received a notice of right to sue letter on August 5, 2019. (Doc. No. 6.)

### B. Procedural History

Ray initiated this action on October 1, 2019, by filing a complaint against Fisk and Siffrard using a form complaint for asserting federal employment discrimination claims. (Doc. No. 1.) On November 4, 2019, the Court granted Ray's application to proceed *in forma pauperis* and described Ray's complaint as follows:

> On the complaint form, Plaintiff checked boxes reflecting that she intends to bring this action under Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act of 1990, and "[o]ther federal law," including "sexual harassment." (Doc. No. 1 at 3.) She also checked boxes reflecting that the "discriminatory conduct of which [she] complain[s]" includes termination of her employment, failure to accommodate her disability, unequal terms and conditions of her employment, and retaliation. (Id. at 4.) Finally, Plaintiff checked boxes reflecting that the Defendants discriminated against her based on her race, gender/sex, age, and disability, and identifies her disabling conditions as "PTSD Bipolar disorder." (Id.)

(Doc. No. 5, PageID# 17 (alterations in original).) The Court found, however, that Ray had "left the section of the complaint for providing the facts of her case completely blank." (*Id.*)

The Court directed the Clerk of Court to mail Ray another blank form complaint and ordered her to "use th[e] form to explain the specific factual basis for her claims" by "identify[ing] the facts that she believes support her claims in detail, clearly and chronologically." (*Id.* at PageID# 18.) Ray filed an amended complaint on November 27, 2019. (Doc. No. 6.) It includes three pages of typed allegations describing the above events and alleges that Fisk and Siffrard violated Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e–2000e-17, the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §§ 12111–12117, and Tenn. Code Ann. § 39-13-101. (*Id.*) Ray checked boxes on the amended complaint indicating that Fisk and Siffrard terminated her employment, failed to accommodate her disability, retaliated against her, and subjected her to assault and sexual harassment. (*Id.*) She also checked boxes indicating that

Fisk and Siffrard discriminated against her based on her gender (female), national origin (United States), and disability (bipolar). (*Id.*)

The Court screened Ray's complaint and amended complaint under 28 U.S.C. § 1915(e)(2)(B), finding that Ray had stated colorable claims under Title VII and the ADA against Fisk but not against Siffrard. (Doc. No. 7.) The Court construed Ray's claim under Tenn. Code Ann. § 39-13-101 as a state law tort claim of assault and found that Ray had stated a colorable assault claim against Fisk and Siffrard. (*Id.*) The Court therefore dismissed Ray's Title VII and ADA claims against Siffrard and allowed her Title VII and ADA claims against Fisk and her assault claims against Siffrard and Fisk to proceed. (*Id.*)

Fisk answered Ray's amended complaint (Doc. No. 11) and Siffrard filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing that Ray's assault claim was untimely under the relevant statute of limitations (Doc. Nos. 12, 13). Ray did not file a response to Siffrard's motion within the time provided by this Court's Local Rules. *See* M.D. Tenn. R. 7.01(a)(3) (response). On May 5, 2020, the Court ordered Ray to show cause by May 22, 2020, why her claims against Siffrard should not be dismissed for the reasons stated in his motion and why the Court should not dismiss all of her claims in this action for failure to prosecute under Rule 41(b). (Doc. No. 15.) Ray did not respond to the Court's show-cause order. On June 30, 2020, the Magistrate Judge recommended that the Court dismiss Ray's claims under Rule 41(b) for failure to prosecute. (Doc. No. 16.) On July 27, 2020, the Court approved and adopted the Magistrate Judge's recommendation in part, dismissing Ray's claims against Siffrard for failure to prosecute but allowing her claims against Fisk to proceed. (Doc. No. 17.)

Fisk then filed a motion and an amended motion for judgment on the pleadings under Rule 12(c) (Doc. Nos. 18, 22.) Fisk argues that Ray failed to administratively exhaust her ADA

claim and the majority of her Title VII claims, that she has not sufficiently pleaded her Title VII claims for sexual harassment and retaliation, and that her assault claim is time-barred. (Doc. No. 23.) Ray's response in opposition to Fisk's motion argues generally that she has additional evidence supporting her claims and that she filed a small claims court action against Siffrard less than a year after the alleged assault.[3] (Doc. No. 28.) Fisk did not file an optional reply brief.

## II. Legal Standard

The standard for resolving a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) mirrors the standard for resolving a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010); *Doe v. Belmont Univ.*, 334 F. Supp. 3d 877, 886 (M.D. Tenn. 2018) (Crenshaw, C.J.). The Court must "construe the complaint in the light most favorable to the plaintiff, accept all well-pleaded factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff." *Courtright v. City of Battle Creek*, 839 F.3d 513, 518 (6th Cir. 2016). Federal Rule of Civil Procedure 8(a)(2) requires only that a complaint contain "a short and plain statement of the claim[.]" Fed. R. Civ. P. 8(a)(2). However, "[t]he factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, i.e., more than merely possible." *Fritz*, 592 F.3d at 722 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009)).

---

[3] Ray did not file a response in opposition to Fisk's amended motion for judgment on the pleadings within the time period provided by this Court's Local Rules. *See* M.D. Tenn. R. 7.01(a)(3) (response). She did, however, file a timely response to the Court's order to show cause why her claims should not be dismissed for failure to prosecute or the reasons stated in Fisk's amended. (Doc. Nos. 25, 26.) The Court therefore ordered Ray to file any response in opposition to Fisk's amended motion by December 14, 2020. (Doc. No. 27.) On December 14, 2020, Ray filed an untitled document which the Court construes as her response in opposition to Fisk's amended motion for judgment on the pleadings. (Doc. No. 28.)

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). A plaintiff must plead more than "'labels and conclusions[,]'" "'a formulaic recitation of the elements of a cause of action[,]'" or "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (third alteration in original) (quoting *Twombly*, 550 U.S. at 555, 557). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Because Ray proceeds pro se, the Court construes her filings "'liberally'" and holds her complaints "'to less stringent standards than formal pleadings drafted by lawyers[.]'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). There are limits to liberal construction, however, and "courts are not required to conjure up unpleaded allegations or guess at the nature of an argument." *Brown v. Cracker Barrel Rest.*, 22 F. App'x 577, 578 (6th Cir. 2001) (citing *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

**III.     Analysis**

    **A.     Exhaustion of Administrative Remedies**

A party seeking to bring employment discrimination claims under the ADA or Title VII must first exhaust her administrative remedies by filing a charge of discrimination with the EEOC. *See Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 361 (6th Cir. 2010) ("[A]n employee alleging employment discrimination in violation of [Title VII] must first file an administrative charge with the EEOC within a certain time after the alleged wrongful act or acts." (citing 42 U.S.C. § 2000e-5(e)(1))); *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 309 (6th Cir. 2000) ("Under the ADA, a claimant who wishes to bring a lawsuit claiming a violation of the ADA must file a charge of discrimination with the EEOC within 300 days of the alleged discrimination." (first citing 42

U.S.C. § 12117(a); then citing 42 U.S.C. § 2000e-5(e)(1); and then citing *Jones v. Sumser Ret. Vill.*, 209 F.3d 851, 853 (6th Cir. 2000))). "The charge must be 'sufficiently precise to identify the parties, and to describe generally the action or practices complained of.'" *Younis*, 610 F.3d at 361 (quoting 29 C.F.R. § 1601.12(b)). As a general rule, a plaintiff cannot bring Title VII or ADA "claims in a lawsuit that were not included in [her] EEOC charge." *Id.* The Sixth Circuit has explained that:

> This rule serves the dual purpose of giving the employer information concerning the conduct about which the employee complains, as well as affording the EEOC and the employer an opportunity to settle the dispute through conference, conciliation, and persuasion. Hence, allowing a Title VII [or ADA] action to encompass claims outside the reach of the EEOC charges would deprive the charged party of notice and would frustrate the EEOC's investigatory and conciliatory role.

*Id.* at 361–62 (citing *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 44 (1974)). Nevertheless, the Sixth Circuit has held that, "because aggrieved employees—and not attorneys—usually file charges with the EEOC, their *pro se* complaints are construed liberally, so that courts may also consider claims that are reasonably related to or grow out of the factual allegations in the EEOC charge." *Id.* at 362. Thus, "whe[n] facts related with respect to the charged claim would prompt the EEOC to investigate a different, uncharged claim, the plaintiff is not precluded from bringing suit on that claim." *Id.* (alteration in original) (quoting *Davis v. Sodexho*, 157 F.3d 460, 463 (6th Cir. 1998)). Administrative exhaustion requirements in this context "are not jurisdictional prerequisites" and are therefore "subject to waiver, estoppel, and equitable tolling." *McFarland v. Henderson*, 307 F.3d 402, 406 (6th Cir. 2002); *see also Adamov v. U.S. Bank Nat'l Ass'n*, 726 F.3d 851, 855–856 (6th Cir. 2013) (holding that, "where a plaintiff has not exhausted administrative remedies, a district court may not dismiss the [Title VII] claim on jurisdictional grounds").

Fisk attached Ray's EEOC charge to its answer (Doc. No. 11-1), and the Court may consider the charge in resolving the pending motion for judgment on the pleadings because Ray's amended complaint expressly refers to it (Doc. No. 6), it is central to her claims in this action, and Ray has not disputed its authenticity. *See Doe*, 334 F. Supp. 3d at 887 ("[A] court deciding a Rule 12(c) motion may consider documents attached to the answer, as long as they are central to the plaintiff's claim and of undisputed authenticity."). Fisk argues that Ray has failed to exhaust her ADA claim and most of her Title VII claims because her EEOC charge does not assert claims of discrimination based on national origin, race, age, or disability and "contains no reference to [Ray's] disparate treatment claims (specifically, that Captain Siffrard assigned [her] more work than her male colleagues) sufficient to prompt the investigating agency to explore them." (Doc. No. 23, PageID# 109–10 (footnote omitted).) Fisk further argues that "[t]he particulars of [Ray's] Charge do not otherwise state allegations from which any of those missing claims could be reasonably expected to flow . . . ." (*Id.* at PageID# 110.) Ray's response in opposition to Fisk's motion does not address Fisk's arguments regarding exhaustion of her Title VII claims. Ray states that she "understand[s] [her disability] was not listed [o]n the claim for whatever reason." (Doc. No. 28, PageID# 130.) She further states that she "ha[s] done everything [she] know[s] how to do" in pursuing her disability rights. (*Id.*)

Ray's EEOC charge shows that she marked boxes indicating that she alleged discrimination based on sex and retaliation but left blank boxes labeled race, color, religion, national origin, age, disability, genetic information, and other. (Doc. No. 11-1.) Her narrative of the facts underlying her charge reads as follows:

> I was hired by [Fisk University] on August 7, 2017 as an Officer. During my employment, I was subjected to inappropriate comments and text messages based upon my gender by Captain Hughes Siffrard. I made complaints to my Sergeant; however, he was not in a position to correct my Captain. I spoke to Chief West on

9

> October 29, 2017 and February 5, 2018 about Captain Siffrard abusing his authority and acting inappropriately towards me and nothing was done to correct his behavior or investigate the situation. On February 5, 2018, Chief West provided my email to JaCenda Davidson, Director of Human Resources and on February 8, 2018, I was discharged for alleged unsatisfactory performance. On the day of my termination, I tried to provide additional information to Ms. Davidson and she did not want to engage me or listen to anything I had to say in reference to the sexual harassment and inappropriate behavior I had been subjected to during my employment.
>
> I believe that I have been discriminated against because of my gender (female) and retaliated against for making internal complaints of harassment in violation of Title VII of the Civil Right[s] Act of 1964, as amended.

(*Id.* at PageID# 55.)

Construing this EEOC charge liberally, the Court finds that it does not encompass Ray's ADA disability claim or her Title VII claims for discrimination based on race, age, and national origin. Ray did not check the provided boxes that correspond to these claims and, more importantly, she did not include any facts concerning her disability, race, age or national origin or any treatment she experienced because of them. The charge states only that Ray experienced sexual harassment in the form of inappropriate behavior and text messages from Siffrard and that Fisk retaliated against her for reporting this discrimination by terminating her employment. (*Id.*) Because these facts would not have prompted the EEOC to investigate whether Ray suffered discrimination based on her disability, race, age, and national origin, Ray did not exhaust her administrative remedies with respect to these claims. *Cf. Younis*, 610 F.3d at 362.

Whether or not Ray's EEOC charge encompasses her Title VII disparate treatment claim based on sex is a closer question. Ray checked the charge box for sex discrimination, but she did not include any factual details underlying her disparate treatment claim. For example, the allegation in Ray's amended complaint that Siffrard assigned her more work than a male peer does not appear in the EEOC charge. Nor does the charge allege any other fact related to Ray's work assignments. The Seventh Circuit has explained that, "[b]ecause an employer may discriminate on

10

Case 3:19-cv-00874    Document 29    Filed 01/19/21    Page 10 of 16 PageID #: 143

the basis of sex in numerous ways, a claim of sex discrimination in an EEOC charge and a claim of sex discrimination in a complaint are not alike or reasonably related just because they both assert forms of sex discrimination." *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 501 (7th Cir. 1994). There must be "a factual relationship between them[,] . . . mean[ing] that the EEOC charge and the complaint must, at a minimum, describe the *same conduct* and implicate the *same individuals*." *Id.*; *see also Little v. Select Med.*, No. 3:16-cv-00074, 2017 WL 5900117, at *1 (M.D. Tenn. Nov. 30, 2017) (Crenshaw, C.J.) ("When an EEOC charge alleges a particular theory of discrimination, allegations of a different type of discrimination in a subsequent complaint are not reasonably related to them unless the allegations in the complaint can be reasonably inferred from the facts alleged in the charge." (quoting *Cheek*, 31 F.3d at 503)). Here, the EEOC charge and the amended complaint implicate the same individuals, but they do not describe the same conduct with respect to Ray's disparate treatment claim. The sexual harassment and inappropriate behavior Ray describes in her charge does not support a reasonable inference that Siffrard also discriminated against her with respect to her work assignments. *Cf. Little*, 2017 WL 5900117, at *1. Because these allegations were insufficient to prompt the EEOC to investigate disparate treatment, Ray has not exhausted her administrative remedies with respect to that claim. *Cf. Younis*, 610 F.3d at 362.

    **B.    Title VII Sexual Harassment Claim**

In screening Ray's complaints, this Court construed Ray's sexual harassment allegations as a hostile work environment claim. (Doc. No. 7.) The Supreme Court has held "that a plaintiff may establish a violation of Title VII by proving that discrimination based on sex has created a hostile or abusive work environment." *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 66 (1986); *see also Williams v. Gen. Motors Corp.*, 187 F.3d 553, 560 (6th Cir. 1999) (same). To state a hostile work environment claim, a plaintiff "must plead conduct that was sufficiently severe or pervasive to create an environment that a reasonable person would find hostile or abusive, and that

the plaintiff[ ] regarded it as such." *Williams v. McDonald*, No. 3:15-CV-1108, 2016 WL 1366668, at *4 (M.D. Tenn. Apr. 5, 2016) (citing *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993)); *see also Meritor Sav. Bank, FSB*, 477 U.S. at 67 ("For sexual harassment to be actionable, it must be sufficiently severe or pervasive 'to alter the conditions of [the victim's] employment and create an abusive working environment.'" (alteration in original) (citation omitted)).

Fisk has not argued that Ray's allegations fail to state a claim under this pleading standard. Instead, Fisk argues that it is entitled to judgment on the pleadings because Ray has not adequately alleged a prima facie case of a hostile work environment. (Doc. No. 23.) This argument is unavailing. The Supreme Court has held unanimously that "[t]he prima facie case . . . is an evidentiary standard, not a pleading requirement." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510 (2002); *see also Keys v. Humana, Inc.*, 684 F.3d 605, 609 (6th Cir. 2012) (same). "Thus, 'the ordinary rules for assessing the sufficiency of a complaint apply'" and courts consider only whether the plaintiff "has sufficiently pled 'a claim to relief that is plausible on its face[,]'" *Pedreira v. Ky. Baptist Homes for Child., Inc.*, 579 F.3d 722, 728 (6th Cir. 2009) (first quoting *Swierkiewicz*, 534 U.S. at 511; and then quoting *Twombly*, 550 U.S. at 570).

This Court has already found that Ray's allegations are sufficient, at the pleading stage, to state a plausible hostile work environment claim under Title VII. (*See* Doc. No. 7 at PageID# 31, 33 (finding that Ray alleged that Siffrard "created a hostile work environment" and that, "taking [her] allegations as true, . . . [Ray] has stated claims under Title VII . . .").) Fisk has not cited any relevant legal authority to the contrary. The majority of cases Fisk cites addressed motions for summary judgment and are therefore inapposite at the pleading stage. (Doc. No. 23.)

The only pleading-stage case Fisk cites, *Carter v. Youth Opportunity Investments, Inc.*, No. 3:19-cv-0177, 2019 WL 1491739 (M.D. Tenn. Apr. 4, 2019), is distinguishable. In *Carter*, the

court found that the plaintiff failed to state a hostile work environment claim where "the only incident about which the plaintiff complain[ed] [wa]s being 'hit on the butt' with a key strap" and she did "not allege that th[e] incident was accompanied by sexually suggestive comments, lewd gestures, or other inappropriate behavior based on the plaintiff's sex that could establish pervasive conduct." *Id.* at *3. Nor did the plaintiff in *Carter* "allege that [the] sexually harassing behavior culminated in a tangible employment action of any kind or that [her harasser] had anything to do with her termination eight months later." *Id.* By contrast, Ray has alleged that Siffrard repeatedly sent her sexually explicit text messages, assigned her more work than her male colleague, made inappropriate comments related to her gender, physically assaulted her, and that her complaints about these incidents lead to termination of her employment. (Doc. No. 6.) *Carter* therefore does not support Fisk's motion for judgment on the pleadings in this case. Because Fisk has not carried its burden to show that judgment on the pleadings is appropriate, its motion should be denied with respect to Ray's Title VII sexual harassment claim.

### C. Title VII Retaliation Claim

Similarly, Fisk's arguments against Ray's Title VII retaliation claim rest on the erroneous assumption that she must plead a prima facie case of discrimination under *McDonnel Douglas Corp. v. Green*, 411 U.S. 792 (1973), to withstand a motion for judgment on the pleadings. (Doc. No. 23.) Again, however, "[t]he liberal pleading standard applicable to civil complaints does not require that a retaliation complaint set forth specific facts establishing a prima facie case, but it must allege facts that establish a plausible claim to relief." *Carrethers v. Speer*, 698 F. App'x 266, 270 (6th Cir. 2017) (citing *Keys*, 684 F.3d at 609–10). To state a claim for retaliation under Title VII, a plaintiff must allege sufficient facts to support a reasonable inference that her employer discriminated against her "because [she] has opposed any practice made an unlawful employment practice by" Title VII. 42 U.S.C. § 2000e-3(a); *see also Trevino v. Austin Peay State Univ.*,

No. 3:11-cv-01139, 2012 WL 951488, at *3–4 (M.D. Tenn. Mar. 19, 2012) (articulating and applying pleading standard for Title VII retaliation claim).

Again, this Court has already found that Ray's allegations are sufficient, at the pleading stage, to support a reasonable inference that Fisk retaliated against her in violation of Title VII. (Doc. No. 7.) Fisk has not argued that Ray's allegations fail to state a claim under the correct pleading standard and has not cited any legal authority contrary to this Court's finding. All of the cases Fisk cites in support of judgment on the pleadings on Ray's retaliation claim are cases resolved at summary judgment or at trial that included record evidence beyond the pleadings. (Doc. No. 23.) They do not support Fisk's argument that judgment on the pleadings is warranted in this case. Because Fisk has not carried its burden to show that it is entitled to judgment on the pleadings, its motion should be denied with respect to Ray's Title VII retaliation claim.

### D. State Law Assault Claim

Fisk argues that it is entitled to judgment on the pleadings on Ray's assault claim because she filed her original complaint after the relevant one-year statute of limitations passed. (Doc. No. 23.) Ray does not dispute that the statute of limitations was one year; she argues, however, that she filed an assault claim against Siffrard in small claims court less than one year after the alleged assault, implying that this tolled the limitations period. (Doc. No. 28.) "The statute of limitations is an affirmative defense and a plaintiff generally need not plead the lack of affirmative defenses to state a valid claim." *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012) (first citing Fed. R. Civ. P. 8(c); then citing Fed. R. Civ. P. 8(a); and then citing *Jones v. Bock*, 549 U.S. 199, 216 (2007)). The Sixth Circuit has held, however, that "judgment on the pleadings under [Rule] 12(c) is uniquely suited to disposing of a case in which a statute of limitations provides an effective bar against a plaintiff's claim." *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994)

(citing 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1367 (1990)).

Tennessee law provides that tort claims for "injuries to the person" must "be commenced within one (1) year after the cause of action accrued[.]" Tenn. Code Ann. § 28-3-104(a)(1)(A). "Generally, a cause of action for an injury accrues when the injury occurs." *Vandergriff v. ParkRidge E. Hosp.*, 482 S.W.3d 545, 556 (Tenn. Ct. App. 2015). Ray alleges that Siffrard assaulted her on February 5, 2018. (Doc. No. 6.) The one-year limitations period therefore ended on February 5, 2019. Ray did not file her original complaint until October 1, 2019. (Doc. No. 1.) Ray states that "[a] claim was [f]iled in small claim Court [a]gainst H. Siffrard [p]rior to one year about the assault he committed on [her] . . . ." (Doc. No. 28, PageID# 130.) But she has not cited any legal authority to support her argument that a small claims court filing should toll the statute of limitations on her assault claim in this action, and this Court is not aware of any. *But see Martin v. Lake Cnty. Sewer Co.*, 269 F.3d 673, 679 (6th Cir. 2001) (rejecting argument "that the [applicable Ohio] statute of limitations was tolled until [plaintiff's] small claims court lawsuit against [defendant] was decided" where plaintiff "cite[d] no authority to support his contention . . ."). Fisk's motion for judgment on the pleadings should therefore be granted with respect to Ray's assault claim.

### IV.     Recommendation

For these reasons, the Magistrate Judge RECOMMENDS that Fisk's amended motion for judgment on the pleadings (Doc. No. 22) be GRANTED IN PART AND DENIED IN PART. Fisk's request for judgment on Ray's ADA claim, her Title VII claims of race, age, and national origin discrimination and disparate treatment based on her gender, and her claim of assault under Tennessee law should be GRANTED. Fisk's request for judgment on Ray's Title VII claims of

sexual harassment and retaliation should be DENIED. Fisk's first motion for judgment on the pleadings (Doc. No. 18) should be FOUND MOOT.

Any party has fourteen days after being served with this Report and Recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this report and recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 19th day of January, 2021.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge